JUDGE PRYOR
DELIVERED THE OPINION OF THE COURT.
In the year 1858 Huston and Givens sold by executory contract to Cobb fifty-four acres of land in the county of Webster for the sum of three hundred dollars, payable in one, two, and three years. Cobb took possession of the land, and, having listed it for taxation, failed to pay the taxes for the year 1862, the non-payment of which was reported by the sheriff of Webster County to the auditor, as required by the statute.
In May, 1865, Cobb assigned the bond for title to the appellee, Liggitt, who paid to Huston and Givens the purchase-money, and took from them a deed.
This land having been listed with the auditor as the property of Cobb, this officer certified the fact of the failure of any one to pay the taxes for the year 1862 to the sheriff of Webster, where the land is situated; and this latter officer, by direction of the auditor, declared the same forfeited to the commonwealth, and, as the auditor’s agent, sold the land on the 20th of December, 1869, to John Nesbitt, the. appellant, for the taxes due and the commission thereon, the whole sum amounting to $4.95. A deed was made to the purchaser (the appellant), who instituted this action to recover the land. The only inquiry to be made is, was there a legal forfeiture?
Section 12, article 9, chapter 83, Revised Statutes, provides that “if there be no personal estate which the sheriff can dis-train for tax on real estate, and the owner of the land or town-lot shall fail to pay the same, fifty per cent shall be added to the amount of the tax for the first year, and one hundred per cent for the amount due for the second year.”
*139 The sheriff shall report to the auditor a list of the lands upon Avhieh taxes have not been paid, with a description thereof, the amount of tax due thereon, etc.; “ and where íavo years of' tax shall be due the auditor shall certify the fact to the sheriff of the county where the land is situated.” The sheriff then advertises at the court-house door the amount of tax due for at least one month; and if not paid, forfeits the land, and the title thereof vests in the commonwealth, giAÚng to the owner, or any one for him, two years in Avhieh to redeem it, by paying into the treasury the tax and costs and one hundred per cent per annum interest on the whole amount.
It is conceded that taxes were unpaid on the land for one year only, viz., the year 1862. The auditor has no right under the statute to certify the state of facts to the sheriff authorizing a forfeiture unless there should be two years of tax due. No other legitimate interpretation can be given the language used in the act. It is first provided that for the non-payment of taxes for the first year the owner shall pay in addition fifty per cent thereon, and for the non-payment the second year one hundred per cent, and where two years of taxes shall be due the auditor shall certify the fact to the sheriff, etc. If the statute read that where one year’s tax shall have been due tAvo years, the position assumed by appellant’s counsel would be the correct one; but as the statute reads, there is no room left for construction, and especially as the question to be determined involves the forfeiture of the citizen’s whole estate, by a mere announcement from the sheriff, by reason of the non-payment of $4.95. It is unnecessary, however, to determine the OAvner’s constitutional right, as the forfeiture was clearly illegal. The court very properly dismissed the petition.
Judgment affirmed.